IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| La Verne Koenig, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 2:10-cv-34 |
| vs. | ) | |
| | ) | |
| State of North Dakota, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

On April 19, 2010, petitioner La Verne Koenig ("Koenig") filed a petition for habeas

relief under 28 U.S.C. § 2254 (Doc. #1) and a motion to stay the state court proceedings in the

direct appeal of his state court conviction (Doc. #2).  When a prisoner seeks redress from a

governmental entity the court must conduct an initial review of the petition prior to service upon

the respondent.  28 U.S.C. § 1915A(a).  The court now considers the petition on initial review

and also addresses the motion to stay.

### Background

In his petition Koenig states that on January 14, 2010 an amended judgment of conviction

was entered by the state court sentencing him to thirty days of imprisonment with all thirty days

suspended, one year of unsupervised probation, and restitution for allowing livestock to run at

large, a class B misdemeanor.  According to the state court docket Koenig's thirty day sentence

of imprisonment was suspended for thirty days.  State v. Koenig, Case No. 49-08-K-00331.

Koenig filed a direct appeal from the judgment of conviction to the North Dakota Supreme

Court.  Oral argument was heard on the matter on April 20, 2010.

**Motion to Stay**

Koenig's motion to stay requests the court to stay the state court proceedings in the direct appeal of his criminal conviction because the state district court and the North Dakota Supreme Court refused to appoint appellate counsel, and because the North Dakota Supreme Court denied his request to file an over-length reply brief.  Pursuant to 28 U.S.C. § 2251(a)(1), the court is authorized to "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."  However, principles of comity and federalism dictate that federal habeas courts limit the scope of intrusion into state court proceedings.  Williams v. Taylor, 529 U.S. 420, 436 (2000).

Koenig's motion to stay was filed in the court's electronic system on April 19, 2010 at 3:05 p.m.  Oral argument was heard by the North Dakota Supreme Court on the direct appeal from Koenig's criminal conviction at 10:45 a.m. on April 20, 2010.  Koenig did not allow the court enough time to consider his motion.  Accordingly, **IT IS RECOMMENDED** that Koenig's motion to stay (Doc. #2) **BE DENIED** as moot.  Even if the court had been allowed sufficient time to act on Koenig's motion, due to the doctrine of exhaustion, the court would nonetheless recommend denial of the motion to stay because Koenig raised the issue of denial of counsel before the North Dakota Supreme Court and the state court should have an opportunity to resolve the issue.  See http://www.ndcourts.gov/_court/docket/20090391.htm.  Furthermore, a stay would not be warranted simply because the North Dakota Supreme Court denied Koenig's request to file an over-length reply brief, especially considering the fact that the state court allowed Koenig time to comply with the procedural requirement.  (Doc. #2-2).

**Petition for Habeas Relief**

Koenig raised several issues in his petition for habeas relief including the following: the complaint charging him with allowing livestock to run at large was legally insufficient; the statute defining a legal fence is unconstitutional; the state district court judge lacked jurisdiction to hear the case; the practice of rotating judicial assignments in the state district court is unconstitutional; the state district court failed to provide a full and fair hearing on motions; he was denied the right to effective assistance of counsel; the evidence was insufficient to obtain a judgment of conviction; the state failed to produce discoverable evidence; and he was denied equal protection and due process under the law.  Koenig raised all of the same issues in his direct appeal before the North Dakota Supreme Court.

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement.  Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or (ii)
> circumstances exist that render such process ineffective to protect the rights of the
> applicant.

Koenig is considered in custody for purposes of habeas corpus because he is on probation. Barks v. Armontrout, 872 F.2d 237, 238 (8th Cir. 1989).  However, he has not met the requirement that he must exhaust his state remedies before filing his federal habeas petition.  The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."

Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515

(1982)).  The exhaustion doctrine requires a state prisoner to "give state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The

North Dakota Supreme Court has yet to rule on Koenig's appeal.  Accordingly, it is

**RECOMMENDED** that:

1.     La Verne Koenig's petition for habeas relief (Doc. #1) **BE DISMISSED** without

       prejudice;

2.     The court certify that an appeal from the dismissal of this action may not be taken

       in forma pauperis because such an appeal would be frivolous and cannot be taken

       in good faith; and

3.     A certificate of appealability not be issued with respect to any of the issues raised

       by La Verne Koenig in this action.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North

Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and

Recommendation and by filing with the Clerk of Court no later than May 10, 2010, a pleading

specifically identifying those portions of the Report and Recommendation to which objection is

made and the basis of any objection. Failure to object or to comply with this procedure may

forfeit the right to seek review in the Court of Appeals.

Dated this 21st day of April, 2010.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge