IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| La Verne Koenig, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:10-cv-34 |
| | ) | |
| -vs- | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| State of North Dakota, | ) | |
| | ) | |
| Respondent. | ) | |

On April 19, 2010, La Verne Koenig filed a petition for habeas relief under 28 U.S.C. § 2254 (Doc. #1) and a motion for an emergency stay of the state court proceedings in the direct appeal of his state court conviction (Doc. #2). The Court has received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending Koenig's motion to stay be denied as moot and his petition for habeas relief be dismissed without prejudice (Doc. #3). Koenig timely filed objections to the Report and Recommendation, asserting his motion to stay is not moot and the North Dakota Supreme Court has had an opportunity to adjudicate his federal rights and, therefore, he has met the exhaustion requirement (Doc. #4).

Koenig states in his objections that he raised the issue of filing a reply brief again on April 20, 2010, at oral argument before the North Dakota Supreme Court and he also raised the issue of the denial of counsel before the North Dakota Supreme Court. Koenig acknowledges that the North Dakota Supreme Court has not issued its decision regarding his appellate issues. The doctrine of exhaustion prescribes that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to

1

act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).  "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).

While the exhaustion doctrine does not require a petitioner to file repetitive petitions or to invoke "extraordinary remedies" outside of the standard review process, it does require that state courts be given "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).  Koenig has failed to give the North Dakota Supreme Court an opportunity to decide his appeal.

Upon consideration, the Court finds unpersuasive Koenig's objections and following a *de novo* review of those objections along with the entire file, the Court finds the Magistrate Judge's position is correct.  Accordingly, the Court hereby adopts the Report and Recommendation in its entirety.  For the reasons set forth therein and as outlined above, Koenig's motion for an emergency stay is **DENIED**, and Koenig's petition for habeas relief under 28 U.S.C. § 2254 is hereby **DISMISSED** without prejudice.  Let judgment be entered accordingly.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2010.

*/s/   Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court